UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DODD,

    Plaintiff,

v.   Case No. 8:20-cv-1202-T-33CPT

HUMAN TRAFFICKING,

    Defendant.
_____/

**O R D E R**

Before the Court is *pro se* Plaintiff Brian Dodd's *Motion to Recuse Judge Tuite [pursuant to] 28 U.S.C. 455(a)*. (Doc. 9).[1] The statutory provision which Dodd cites in his motion—section 455(a)—states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of this provision is "to promote public confidence in the integrity of the judicial process" and "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60, 865 (1988) (citations omitted).

---

[1] Included in the same document is Dodd's objection to the undersigned's Report and Recommendation (Doc. 7) entered on June 16, 2020. That portion of Dodd's filing is pending before the District Judge assigned to this case, the Honorable Virginia M. Hernandez Covington.

A request for recusal under section 455(a) "requires the court to ask 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990)). Of significance here, "[j]udicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion." *Stringer v. Doe*, 503 F. App'x 888, 890 (11th Cir. 2013) (citing *Draper v. Reynolds,* 369 F.3d 1270, 1279 (11th Cir. 2004)); *see also Bolin*, 225 F.3d at 1239 (noting that "the allegation of bias must show that 'the bias is personal as distinguished from judicial in nature'") (quoting *United States v. Phillips*, 664 F.2d 971, 1002 (5th Cir. Unit B 1981)). Instead, "[t]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (internal citations and quotations omitted). The only "exception to this rule is when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Id*.

Dodd's allegations that the undersigned (or a member of his staff) is biased against him are wholly unfounded and would fail to convince any reasonable person that bias exists. While is it obvious that Dodd disagrees with the reasoning and recommendations set forth in the undersigned's June 16, 2020, Report and Recommendation, such dissatisfaction is "judicial in nature," *Bolin*, 225 F.3d at 1239, and does not provide a valid basis to question the undersigned's impartiality.

Accordingly, Dodd's *Motion to Recuse Judge Tuite [pursuant to] 28 U.S.C. 455(a)* (Doc. 9) is denied.

DONE and ORDERED in Tampa, Florida, this 24th day of June 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
*Pro se* Plaintiff